ORIGINAL

1  JAMES A. GALE (*pro hac* pending)
   E-Mail: JGale@FeldmanGale.com
2  TODD M. MALYNN (CSB No. 181595)
   E-Mail: TMalynn@FeldmanGale.com
3  GREGORY L. HILLYER (*pro hac* pending)
   E-Mail: GHillyer@FeldmanGale.com
4  SHEILA Y. HARRISON (CSB No. 220831)
   E-Mail: SHarrison@FeldmanGale.com
5  FELDMAN GALE, P.A.
   Miami Center, 19th Floor, 201 South Biscayne Boulevard
6  Miami, FL 33131
7  Telephone: (305) 358-5001
   Facsimile:  (305) 358-3309
8
   CHARLENE M. MORROW (CSB No. 136411)
9  E-Mail:  cmorrow@fenwick.com
   FENWICK & WEST LLP
10 Silicon Valley Center, 801 California Street
   Mountain View, CA  94041
11 Telephone: (650) 988-8500
12 Facsimile:  (650) 938-5200

13 Attorneys for Plaintiff
   TROPOS NETWORKS, INC.
14

15            IN THE UNITED STATES DISTRICT COURT

16        FOR THE NORTHERN DISTRICT OF CALIFORNIA

17                   SAN JOSE DIVISION

18
   TROPOS NETWORKS, INC., a Delaware       Case No. C 06 04281 EMC
19 corporation,

20              Plaintiff,                   **COMPLAINT FOR:**

21     vs.                                   **(1) DECLARATORY JUDGMENT OF
                                                 NON-INFRINGEMENT, INVALIDITY**
22 IPCO, LLC, a Georgia limited liability       **AND UNENFORCEABILITY;**
   company, STATSIGNAL, IPC, LLC, a Georgia  **(2) TORTIOUS INTERFERENCE WITH**
23 limited liability company, STATSIGNAL        **CONTRACTS;**
24 SYSTEMS, INC., a Georgia Corporation, and **(3) TORTIOUS INTERFERENCE WITH**
   DOES 1-50,                                   **PROSPECTIVE ECONOMIC**
25                                              **ADVANTAGE; and**
               Defendants.                   **(4) UNFAIR COMPETITION PURSUANT**
26                                              **TO UNFAIR BUSINESS PRACTICES**
                                                **ACT (BUS. & PROF. CODE § 17200).**
27
28                                           **JURY TRIAL DEMANDED**

COMPLAINT
Case No.

1    Plaintiff Tropos Networks, Inc. ("Tropos"), by and through its attorneys of record, sues

2  Defendants IPCO, LLC, StatSignal, IPC, LLC and StatSignal Systems, Inc., and Does 1-50

3  (collectively, "Defendants") and alleges as follows:

4                                    **NATURE OF ACTION**

5    1.    This action is based, in part, on the patent laws of the United States, Title 35 of the

6  United States Code. Tropos seeks a declaration that its activities do not infringe United States

7  Patent Nos. 6,249,516 ("the '516 Patent") and 6,044,062 ("the '062 Patent"), and/or that these

8  patents are invalid and unenforceable. This action is also based, in part, on California's Business

9  and Professions Code Section 17200, which prohibits unfair business practices. Tropos seeks

10  relief from Defendants' intentional interference with Tropos' contracts and prospective economic

11  advantage, and from Defendants' unfair competition and business practices.

12                                    **THE PARTIES**

13    2.    Tropos is a corporation organized and existing under the laws of the State of

14  Delaware, having offices at 555 Del Rey Avenue, Sunnyvale, CA.

15    3.    Upon information and belief, IPCO, LLC ("IPCO") is a limited liability company

16  organized and existing under the laws of the State of Georgia, having business addresses at 200

17  Galleria Parkway, Suite 1820, Atlanta, GA and 2859 Paces Ferry Road, Atlanta, GA.

18    4.    Upon information and belief, StatSignal, IPC, LLC ("SIPCO") is a limited liability

19  company organized and existing under the laws of the State of Georgia, having business addresses

20  at 200 Galleria Parkway, Atlanta, GA and 2859 Paces Ferry Road, Atlanta, GA.

21    5.    Upon information and belief, StatSignal Systems, Inc. ("StatSignal Systems") is a

22  corporation organized and existing under the laws of the State of Georgia, having business address

23  at 2859 Paces Ferry Road, Atlanta, GA and 6065 Roswell Road, Atlanta, GA.

24    6.    DOE 1 through DOE 50, inclusive, are sued herein under fictitious names. Their

25  true names and capacities are unknown to plaintiff. When said true names and capacities are

26  ascertained, plaintiff will amend this complaint by inserting their true names and capacities.

27  //

28  //

COMPLAINT                                                                              2
Case No.

7.     On information and belief, at all times mentioned herein Defendants were the agents of the other Defendants and in doing the things alleged below, were acting within the scope of their agency, towards a common interest, and are jointly and severally liable.

## JURISDICTION AND VENUE

8.     This is a civil action regarding false allegations of patent infringement arising under the patent laws of the United States, Title 35 of the United States Code, in which Plaintiff seeks declaratory judgment under the Declaratory Judgment Act. Thus, the Court has jurisdiction over the subject matter of this matter under 28 U.S.C. §§1331, 1338(a), 2201 and 2202. This is also a civil action arising under the laws of the State of California. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332 because the parties are diverse and the matter in controversy exceeds $75,000. Further, this Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

9.     This Court has personal jurisdiction over the Defendants because Defendants have committed intentional acts in, or expressly aimed at the State of California concerning the subject matter of this lawsuit, that have caused harm to Tropos, which Defendants knew would be suffered in California. Defendants have also engaged in activities in California and/or conducted business in California, including but not limited to entering into contracts or business relationships with California businesses and/or residents concerning the subject matter of this lawsuit.

10.     Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and (c) and 1400(b).

## GENERAL ALLEGATIONS

11.     Tropos is in the business of designing, developing and providing metro-scale Wi-Fi mesh network products and services ("Mesh Network Products").

12.     On information and belief, StatSignal IPC and StatSignal Systems operate in the area of wireless mesh networking and Internet related technology.

13.     On information and belief, IPCO is an IP holding company that has improperly asserted one or more of its wireless mesh network patents against Tropos, and companies like Tropos, that provide Mesh Network Products.

COMPLAINT                                                                                                      3
Case No.

14.    The '516 Patent issued on June 19, 2001 from U.S. Patent Application Serial No. 09/492,930 ("the '930 Application"). The '930 Application was filed on January 27, 2000 as a divisional of U.S. Patent Application Serial No. 08/760,895 ("the '895 Application"). The '895 Application matured into the '062 Patent, which issued on March 28, 2000.

15.    The '516 Patent and the '062 Patent purport to be directed to wireless network systems.

16.    On information and belief, Edwin B. Brownrigg, one of the named inventors, resides in Roseville, California.

17.    On information and belief, Brownrigg is a principle of CommUnique, LLC ("CommUnique"), which is also located in Roseville, CA.

18.    On information and belief, the '516 and '062 Patents were assigned by CommUnique to IPCO on December 11, 2004.

### IPCO Threatens Tropos With Patent Infringement

19.    By virtue of false allegations of patent infringement made to both Tropos and its customers, both within and outside the State of California, and by virtue of IPCO's other actions, Tropos has an imminent apprehension that it will be sued by IPCO for patent infringement relating to its Mesh Network Products and the '516 and '062 Patents.

20.    On information and belief, Defendants hold additional patents relating to wireless mesh networking that have served as the basis for threats against Tropos and/or its customers. Accordingly, Tropos also has an imminent apprehension that it will be sued by one or more of the Defendants for patent infringement of these other patents relating to wireless mesh networking.

### IPCO's Patents Are Not Infringed, Are Invalid And Are Unenforceable

21.    The '516 and '062 Patents are not infringed, either literally or under the doctrine of equivalents, by any Mesh Network Product manufactured, used, sold, or offered for sale, or imported by Tropos.

22.    On information and belief, the '516 and '062 Patents are also unenforceable due to inequitable conduct by at least one of the purported inventors during the prosecution of the applications that matured into these patents.

1    23.    Purported inventor Brownrigg is a co-author of an article entitled "A Packet Radio
2 Network for Library Automation," which was published by the Institute of Electrical and
3 Electronics Engineers in October, 1987 ("the 1987 Brownrigg Article").

4    24.    Brownrigg is also a co-author of a textbook entitled "Packet Radio Networks:
5 Architectures, Protocols, Technologies and Applications," which was published by Pergamon
6 Press in 1987 ("the 1987 Brownrigg Book").

7    25.    The 1987 Brownrigg Article and the 1987 Brownrigg Book are both material to the
8 patentability of the subject matter claimed in the '516 and '062 Patents.

9    26.    Brownrigg had a duty of candor and good faith in dealing with the United States
10 Patent and Trademark Office ("USPTO") during the prosecution of the application that matured
11 into the '516 and '062 Patents, including a duty to disclose material information to the USPTO
12 relating to patentability of the alleged inventions in these patents.

13    27.    Brownrigg breached his duty of candor, good faith, and the requirement to
14 disclosure material information to the USPTO relating to the applications that matured into the
15 '516 and '062 Patents.

16    28.    Specifically, on information and belief, despite having knowledge of the materiality
17 of the 1987 Brownrigg Article and the 1987 Brownrigg Book since their publication in 1987, and
18 with the intent to deceive the USPTO and the examiner reviewing the '895 and '930 Applications,
19 Brownrigg intentionally withheld 1987 Brownrigg Article and the 1987 Brownrigg Book from the
20 USPTO during the prosecution of these Applications in violation of the duty of candor and good
21 faith owed under 37 C.F.R. §1.56.

22    29.    The aforesaid conduct of Brownrigg constitutes inequitable conduct that renders
23 the '516 and '062 Patents unenforceable.

24    30.    In addition to the 1987 Brownrigg Article and the 1987 Brownrigg Book, several
25 additional pieces of material prior art were not before the USPTO during the prosecution of the
26 '895 and the '930 Applications. On information and belief, had this prior art been before the
27 USPTO during the prosecution of the '895 and '930 Applications, the '516 and '062 Patents
28 would not have issued.

1    31.    Accordingly, Tropos believes the '516 and '062 Patents are not infringed, are

2 invalid for failure to comply with the conditions of patentability set forth in Title 35, United States

3 Code, including 35 U.S.C. §§102, 103 and 112, and are unenforceable due to inequitable conduct

4 by at least one of the purported inventors during the prosecution of the applications that matured

5 into these patents.

6                    **The '516 Patent Is Currently Being Challenged In Federal Court**

7    32.    On April 29, 2005, Elster Electricity, LLC ("Elster") filed a lawsuit against IPCO

8 seeking, *inter alia*, a declaration that the '516 Patent is invalid and unenforceable.

9    33.    During the course of the lawsuit against IPCO, Elster identified several pieces of

10 prior art that it contends render the '516 Patent invalid under 35 U.S.C. §§102 and/or 103.

11    34.    Elster has also alleged inequitable conduct on the part of the purported inventor

12 Brownrigg, citing the aforementioned publications and asserting that they were intentionally

13 withheld during the prosecution of the applications that led to these patents.

14                    **Defendants Threaten Tropos' Business Relationships**

15    35.    Tropos has on-going and potential relationships with leading business partners and

16 customers in the mesh network market.  Some of these businesses have issued press releases

17 announcing their involvement with Tropos' Mesh Network Products.

18    36.    Defendants, or their agents, have falsely and in bad faith informed one or more of

19 Tropos' partners or customers that Tropos and or their customers are infringing the '516 and '062

20 Patents.

21    37.    Defendants, or their agents, also falsely and in bad faith have informed one or more

22 of Tropos' partners or customers that doing business with Tropos would result in liability because

23 of Tropos' alleged patent infringement.

24    38.    As a result of Defendants' conduct, which bore no relation to a legitimate attempt

25 at dispute resolution, Tropos' existing and prospective business relationships with one or more of

26 its partners or customers have been damaged.

27

28

COMPLAINT                                                                                                    6
Case No.

1    39.    Defendants' claims of Tropos' patent infringement were made to one or more of

2  Tropos' partners or customers with full knowledge and appreciation that the validity and

3  enforceability of the '516 Patent were being challenged in federal court.

4    40.    On information and belief, Defendants' claims of Tropos' patent infringement were

5  made to one or more of Tropos' partners or customers in bad faith, and with full knowledge and

6  appreciation that the '516 and '062 Patents are invalid, and were procured by fraud and inequitable

7  conduct.

8                              **FIRST CAUSE OF ACTION**

9    **Declaration That The '516 Patent Invalid, Unenforceable And/Or Not Infringed**

10    41.    Tropos repeats and incorporates herein Paragraphs 1 through 40.

11    42.    An actual, live and justiciable controversy exists between Tropos and IPCO as to

12  whether Tropos' Mesh Network Products infringe IPCO's alleged rights under the '516 Patent,

13  and whether the '516 Patent, and each of its claims, are valid and/or enforceable.

14    43.    IPCO contends that the '516 Patent, and each of its claims, are valid and

15  enforceable, and that Tropos and their customers infringe the '516 Patent.

16    44.    Tropos denies those contentions, and alleges that the '516 Patent, and each of its

17  claims, are not infringed, are invalid for failing to meet the conditions for patentability set forth in

18  35 U.S.C. §§102, 103 and 112, and are unenforceable due to inequitable conduct on the part of at

19  least one of the named inventors during the prosecution of the application that matured into the

20  '516 Patent.

21    45.    As a result, Tropos seeks, and is entitled to, a judgment against IPCO that the '516

22  Patent, and each of its claims, are invalid, unenforceable and/or not infringed, either literally or

23  under the doctrine of equivalents.

24                              **SECOND CAUSE OF ACTION**

25    **Declaration That The '062 Patent Is Invalid, Unenforceable And/Or Not Infringed**

26    46.    Tropos repeats and incorporates herein Paragraphs 1 through 40.

27

28

COMPLAINT                                                                                                7
Case No.

1    47.    An actual, live and justiciable controversy exists between Tropos and IPCO as to

2    whether Tropos' Mesh Network Products infringe IPCO's alleged rights under the '062 Patent,

3    and whether the '062 Patent, and each of its claims, are valid and/or enforceable.

4    48.    IPCO contends that the '062 Patent, and each of its claims, are valid and

5    enforceable, and that Tropos and their customers infringe the '062 Patent.

6    49.    Tropos denies those contentions, and alleges that the '062 Patent, and each of its

7    claims, are not infringed, are invalid for failing to meet the conditions for patentability set forth in

8    35 U.S.C. §§102, 103 and 112, and are unenforceable due to inequitable conduct on the part of at

9    least one of the named inventors during the prosecution of the application that matured into the

10   '062 Patent.

11   50.    As a result, Tropos seeks, and is entitled to, a judgment against IPCO that the '062

12   Patent, and each of its claims, are invalid, unenforceable and/or not infringed, either literally or

13   under the doctrine of equivalents.

14   ## THIRD CAUSE OF ACTION

15   ### Declaration Of Non-Interference With Patent Rights

16   51.    Tropos repeats and incorporates herein Paragraphs 1 through 50.

17   52.    On information and belief, an actual, live and justiciable controversy exists

18   concerning Tropos' freedom to operate free of infringement claims by Defendants, and as a result

19   Tropos seeks, and is entitled to, a judgment against Defendants that Tropos is not infringing any

20   valid and enforceable claim of Defendants' patents.

21   ## FOURTH CAUSE OF ACTION

22   ### Tortious Interference with Contractual Relations

23   53.    Tropos repeats and incorporates herein Paragraphs 1 through 50.

24   54.    Tropos seeks to recover damages based upon a claim that Defendants interfered

25   with Tropos' contractual relationships.

26   55.    Tropos has existing contract(s) with one or more of its partners or customers.

27   56.    Defendants knew of the existence of these contract(s).

28

COMPLAINT                                                                                          8
Case No.

57.    Defendants engaged in wrongful acts or conduct intended to prevent Tropos' performance, cause Tropos' performance to be more expensive or burdensome, and/or reduce the likelihood that one or more of Tropos' partners or customers will continue their contracts with Tropos, or enter into new contracts with Tropos in the future.

58.    Defendants' conduct caused Tropos' performance to be more expensive or burdensome, strained the contractual relationship and/or reduced the likelihood that one or more of Tropos' partners or customers will continue their contracts with Tropos, or enter into new contracts with Tropos in the future.

59.    Defendants' conduct constitutes an intentional interference with existing contract(s) held by Tropos and was done with an improper purpose and by an improper means.

60.    As a direct and proximate cause of IPCO's acts, Tropos has been damaged in an amount in excess of $75,000, exclusive of interest, attorney's fees, and costs.

61.    Defendants' conduct was willful or malicious, or intentionally fraudulent, manifested a knowing and reckless indifference toward and disregard of Tropos' rights. Thus, Tropos is entitled to an award of punitive damages against IPCO.

## FIFTH CAUSE OF ACTION

### Tortious Interference with Prospective Economic Advantage

62.    Tropos repeats and incorporates herein Paragraphs 1 through 50.

63.    Tropos seeks to recover damages based upon a claim that Defendants interfered with Tropos' prospective economic advantage.

64.    Economic relationship(s) existed between Tropos and one or more of its partners or customers containing probable future economic benefits or advantages to Tropos.

65.    Defendants knew of the existence of the relationship(s).

66.    Defendants engaged in wrongful acts or conduct with the intent of interfering with or disrupting Tropos' economic relationship(s), or with the knowledge that the interference or disruption was certain or substantially certain to occur as a result of Defendants' actions.

67.    As a result of Defendants' conduct, Tropos' economic relationship(s) were actually interfered with or disrupted.

COMPLAINT                                                                                                      9
Case No.

1     68.    Defendants' conduct constitutes an intentional interference with potential economic

2 advantages of Tropos and was done with an improper purpose and by an improper means.

3     69.    As a direct and proximate cause of Defendants' actions, Tropos has been damaged

4 in an amount in excess of $75,000, exclusive of interest, attorney's fees, and costs.

5     70.    Defendants' conduct was willful or malicious, or intentionally fraudulent conduct,

6 or conduct that manifests a knowing and reckless indifference toward, and disregard of Tropos'

7 rights. Thus, Tropos is entitled to an award of punitive damages against Defendants.

8
## SIXTH CAUSE OF ACTION

9
### Unfair Competition Under The Unfair Business Practices Act
### (Bus. & Prof. Code § 17200)

10

11     71.    Tropos repeats and incorporates herein Paragraphs 1 through 50.

12     72.    Tropos has existing and prospective business relationships with one or more of its

13 partners and customers.

14     73.    Defendants knew of these contract and economic relationships(s).

15     74.    Defendants engaged in wrongful conduct intended to prevent Tropos' performance,

16 cause Tropos' performance to be more expensive or burdensome, interfere with, disrupt, or

17 strained these relationship(s) and/or reduce the likelihood that one or more of Tropos' partners or

18 customers will continue their relationship(s) with Tropos, or enter into new relationship(s) with

19 Tropos in the future.

20     75.    Defendants' conduct prevented Tropos' performance, caused Tropos' performance

21 to be more expensive or burdensome, interfered with, disrupted, or strained these relationships

22 and/or reduced the likelihood that one or more of Tropos' partners or customers will continue their

23 relationships with Tropos, or enter into new relationships with Tropos in the future.

24     76.    Defendants' acts constitute unfair competition under Business and Professions

25 Code Section 17200 and may be enjoined.

26     77.    Defendants' conduct, as detailed above, constitutes, *inter alia*, an unfair business

27 practice and/or unfair competition.

28

COMPLAINT                                     10
Case No.

78.     Tropos will suffer severe harm if these partners or customers will no longer conduct business with Tropos. As a further direct and proximate result, Defendants will continue such wrongful acts and business practices and continue to injure consumers and the competitive process.

79.     Upon information and belief, unless enjoined, Defendants will continue such anti-competitive conduct and continue to harm consumers and competition in California.

80.     Accordingly, Tropos requests that the Court enter a permanent injunction against IPCO enjoining Defendants' wrongful acts and business practices. As a result of Defendants' unfair practices, Tropos further seeks restitution against Defendants for their unlawful acts, and disgorgement of Defendants' ill-gotten gains. Tropos also seeks attorney's fees for having to bring this private attorney general action against Defendants.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Tropos prays for an Order and Judgment as follows:

1.     On the First, Second and Third Causes of Action, for an Order:

     a.     Declaring that Tropos does not infringe, literally or under the doctrine of equivalents, any valid and enforceable claim of the '516 or the '062 Patents;

     b.     Declaring that each of the claims of the '516 and '062 Patents are invalid, unenforceable and void, and that Defendants are without any right or authority to enforce or threaten to enforce any claim of the '516 or '062 Patents against Tropos or any other party;

     c.     Declaring that Tropos is free to operate without cloud of infringement claims by Defendants; and

     d.     Granting Tropos all appropriate monetary relief, including a finding that this case is an exceptional case under 35 U.S.C. §285 and awarding Tropos' reasonable attorneys fees and costs incurred in this action;

2.     On the Fourth, Fifth and Sixth Causes of Action, for a Judgment in favor of Tropos and against Defendants in an amount to be determined at trial, including without limitation,

COMPLAINT
Case No.

11

1  restitution, disgorgement of Defendants' ill-gotten gains, interest, attorney's fees, litigation costs,

2  punitive damages, and preliminary and permanent injunctive relief; and

3          3.      Granting Tropos such other and further relief, either in law or equity, as the Court

4  determines just and equitable.

5  Dated: October 21, 2005                        FENWICK & WEST LLP

6

7                                                  By:

8                                                      Charlene M. Morrow

9                                                  FELDMAN GALE, P.A.
                                                   Sheila Y. Harrison
10                                                 Todd M. Malynn

11                                                 Attorneys for Plaintiff
12                                                 TROPOS NETWORKS, INC.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT                                                                          12
Case No.

1   **DEMAND FOR JURY TRIAL**

2        Plaintiff hereby demands a jury trial as provided by law.

3
    Dated: October 21, 2005                    FENWICK & WEST LLP
4

5                                              By: _____
6                                                  Charlene M. Morrow

7                                              FELDMAN GALE, P.A.
                                               Sheila Y. Harrison
8                                              Todd M. Malynn

9                                              Attorneys for Plaintiff
10                                             TROPOS NETWORKS, INC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# ORIGINAL

05-4281-EMC-ECF

JS 44 - CAND (Rev. 11/04)

## CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO)

### I. (a) PLAINTIFFS

Tropos Networks, Inc.

### DEFENDANTS

IPCO, LLC, a Georgia limited liability company, STATSIGNAL, IPC, LLC, a Georgia limited liability company, and STATSIGNAL SYSTEMS, INC., a Georgia Corporation and JOHN DOES 1-50

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Santa Clara

(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____

(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Charlene M. Morrow (CSB No. 136411)
FENWICK & WEST LLP
Silicon Valley Center, 801 California Street
Mountain View, CA  94041
(650) 988-8500

ATTORNEYS (IF KNOWN)

E-filing

C05  04281  EMC

### II. BASIS OF JURISDICTION (PLACE AN 'X' IN ONE BOX ONLY)

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question (U.S. Government Not a Party) |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity (Indicate Citizenship of Parties in Item III) |

### III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN 'X' IN ONE BOX FOR
(For diversity cases only)                 PLAINTIFF AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒ Original Proceeding  ☐ Removed from State Court  ☐ Remanded from Appellate Court  ☐ Reinstated or Reopened  ☐ Transferred from Another district (specify)  ☐ Multidistrict Litigation  ☐ Appeal to District Judge from Magistrate Judgment

### V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | Med. Malpractice | ☐ 625 Drug Related Seizure of | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault Libel & Slander | ☐ 365 Personal Injury Product Liability | Property 21 USC 881 | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | | | ☐ 640 RR & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☒ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 196 Franchise | | | ☐ 720 Labor/Mgmt Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motion to Vacate Sentence Habeas Corpus: | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 530 General | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other | | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | ☐ 445 Amer w/disab - Empl | ☐ 555 Prison Condition | | | |
| | ☐ 446 Amer w/ disab - Other | | | | |
| | ☐ 480 Consumer Credit | | | | |
| | ☐ 490 Cable/Satellite TV | | | | |

### VI. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

28 U.S.C. §§2201-2202 and 35 U.S.C. §§100 et seq. (declaratory judgment action on U.S. Patents)

### VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ 0.00   ☒ CHECK YES only if demanded in complaint:   JURY DEMAND: ☒ YES  ☐ NO

### VIII. RELATED CASE(S) IF ANY   PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

### IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2) (PLACE AN "X" IN ONE BOX ONLY)   ☐ SAN FRANCISCO/OAKLAND   ☒ SAN JOSE

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| October 21, 2005 | |

NDC-JS44